UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANN COFFEY,                                                Case No. 2:22-cv-00039

                Plaintiff,                  Hon.  Jane M. Beckering
                                         U.S. District Judge

     v.

BAY VIEW MUNICIPALITY, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff Ann Coffey filed a complaint on February 25, 2022.  (ECF No. 1.)  The Court granted Coffey *in forma pauperis* status on March 1, 2022, allowing Coffey to proceed without prepayment of filing fees.  (ECF No. 5.)  As a result, the Court must undertake an initial review of the complaint to determine if this matter should proceed.

Coffey asserts claims under the Federal Trade Commission Act (FTCA), 15 U.S.C. §§ 45(a), (m)(l)(A), 53(b) and 56(a), and the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, arising out of events that occurred in Emmet County, Michigan involving property that she owns in the Bay View community.

Coffey named the following Defendants in her complaint:  The Municipality of Bay View, (49770) Michigan; the individual board members of the Municipality of Bay View; Bay View Real Estate Management, Inc.; *The Bay View Town Crier*; Carol

1

Neithercut, Eric Breisach, Esq.; the Plunkett Cooney Law Firm (Petoskey, Michigan); Henry Cooney, Esq.; James J. Murray, Esq.; John Patrick Deegan, Esq.; Matthew Cross, Esq.; Michael S. Bogren, Esq.; Robert A. Callahan, Esq.; Drost Landscaping (Petoskey, Michigan); Barbar Pfiel; Mike Spencer; Jake Porath; Tony Presly; and Rance Carpenter.[1]

Coffey's claims under the FTCA fail because there exists no private right of action allowing private citizens to bring suit for alleged violations under the FTCA. Similarly, Coffey's Eighth Amendment claims fail as a matter of law because Coffey has failed to set forth actionable Eighth Amendment cruel and unusual punishment claims against an appropriate state actor.  Coffey's complaint also fails to allege FDCPA claims against a debt collector as defined under the Act.  Coffey fails to allege actionable conduct against each Defendant establishing that federal law has been violated.  However, the complaint does assert several state law claims that are more appropriately addressed in the State Courts of Michigan.

It is respectfully recommended that the Court dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

---

[1]    It is unclear why Coffey filed this complaint in the Northern Division of the Western District of Michigan.  Coffey alleges that all the conduct occurred in the Southern Division in Emmet County, Michigan and all the Defendants either reside or conduct business in Emmet County.  Only one of Plaintiff's residences lies in the Northern Division and that residence is not the subject matter of this lawsuit.  Under 28 U.S.C. § 1404, for the convenience of the parties and in the interest of justice, the appropriate venue is in the Southern Division of the Western District of Michigan.

## II.  Factual Allegations

Coffey's complaint is not a model of clarity.  The complaint asserts that Defendants engaged in unfair debt collection practices among various other wrongs that were perpetrated against Coffey and members of her family.  Coffey says that Defendants engage in consumer debt collection and regularly attempt to collect debts by telephone, U.S. mail, and in other manners.  (ECF No. 1, PageID.4.)  Coffey says that in this instance, Defendant Plunkett Cooney (the Plunkett Cooney Law Firm) has not attempted to collect any debts by telephone.  (*Id*.)

Coffey says that Bay View treats homeowners unfairly by restricting access to real estate agents and requiring homeowners to provide a first right of refusal to neighbors before a home may be sold.[2]  (*Id*.)  Bay View and the Plunkett Cooney law firm  allegedly threatened to auction Coffey's $300,000.00 home to satisfy a $3,000.00 bill.[3]  They then allegedly seized thousands of dollars of new roofing shingles, ladders, and supplies and charged Coffey "literally thousands of dollars to seize" the property and attempted to "extort" more of Coffey's resources.  (*Id*.)

Coffey alleges that on "numerous occasions Defendants have called upon Plaintiff at her private property repeatedly or continuously with the intent to stalk, annoy, harass, and abuse."  (*Id*. at 5.)   Coffey alleges that Defendants entered her

---

[2]    Coffey refers to "Bay View" throughout her complaint without distinguishing between the various Bay View Defendants.  Coffey sued Defendants the municipality of Bay View, individual board members of the municipality of Bay View, Bay View Real Estate Management, Inc., and *The Bay View Town Crier*.

[3]    In Coffey's Application to Proceed in District Court Without Prepaying Fees and Costs, she lists her home value as $200,000.00 and other real estate valued at $50,000.00.  (ECF No. 2, PageID.26.)

property even after she told them not to orally and in writing.  (*Id.*)  Specifically, Defendant Spencer allegedly has entered her property repeatedly over the last five years.  (*Id.*)  Coffey characterizes this activity as stalking and asserts that she has called the Emmet County Sheriff's Office to have this stopped.  (*Id.*)  Defendant Spencer harassed Coffey and her family on the "Croquet Course" during "match play" in front of the Bay View public community.  (*Id.*)

Coffey alleges that Defendants have placed printed announcements or messages in the "Town Crier" newspaper to divulge that they are debt collectors and Coffey owes a debt and also placed that announcement on Bay View bulletin boards in public view.  (*Id.*)

In Count I, Coffey asserts a violation under the FTCA by alleging that the Plunkett Cooney law firm and Bay View attempted to collect a debt owed to Drost Landscaping.  (*Id.*, PageID.6.)  Coffey alleges that she separately contracted with Drost Landscaping in 2019 and did not owe the company a debt.  (*Id.*)   Coffey asserts that neither the Plunkett Cooney law firm nor Bay View had any involvement  with her contract with Drost Landscaping and had no standing to assert that a debt was owed.  (*Id.*)

In Count III,[4] Coffey asserts that Defendants engaged in false, deceptive, or misleading representations regarding the padding of the bill owed to Bay View based upon Coffey's contract with Drost Landscaping.  (*Id.*, PageID.7.)  Coffey describes

---

[4]    The complaint skips from Count I to Count III.  There is no Count II in the complaint.

4

these actions as violations of the FDCPA.

Coffey asserts that Defendant Spencer "authored a false, libelous, and defamatory report to the residents of Bay View about Plaintiff's son which caused Plaintiff's son severe emotional distress and injury." (*Id.*) Coffey alleges that Defendants Spencer and Barbara Pfiel "commandeered Plaintiff's State of Michigan Tax Settlement Refund." (*Id.*) On February 7, 2022, Defendants Bay View and Jake Porath falsely claimed that Coffey's husband sabotaged his own newly replaced gas line just before Porath posted a debt notice on Coffey's front door of her Bay View residence. (*Id.*) Coffey says that Porath signed a "Plunkett Cooney prepared sworn affidavit that tangentially glances abject perjury" to make Coffey's husband look like a criminal. (*Id.*)

In Count IV, Coffey asserts violations of the FDCPA based upon multiple improper communications with third parties to obtain information about her. (*Id.*, PageID.8.) Coffey explains that Bay View published names in the Town Crier in a "libelous defamatory" manner and Mike Spencer harassed her at her home and on the "Croquet Course." (*Id.*)

In Count V, Coffey asserts that Defendants violated the FDCPA by making communications at a time and place that were inconvenient to her. Defendants asked about her employment and communicated with her directly or indirectly at her place of employment, and published names in the Town Crier and on the internet. She also asserted that Defendant Mike Spencer harassed her and her family on the "Croquet Course." (*Id.*).

In Count VI, Coffey complains that Defendants communicated with persons other than her about her debt in violation of the FDCPA. (*Id.*, Page ID.9.) Coffey says her name was grouped with other homeowners on bulletin boards in public buildings throughout Bay View and on the internet, at the Post Office, and published in the Town Crier. (*Id.*) Coffey asserts that the formula that Defendant Carol Neithercut uses to determine which Bay View members are in arrears needs a full review in federal court. (*Id.*, PageID.10.) Coffey asserts that if you are on the "outs" with "one of Bay View's 'governing families' . . . 'fuzzy math'" will be applied to your account. (*Id.*) For example, Coffey alleges that Bay View used 'fuzzy math' to pad her bill owed to Drost Landscaping. (*Id.*) Coffey requests that this Court change her contractual relationship with Bay View and declare that she no longer has a "leasehold" interest in her property but now has a "freehold" interest. (*Id.*) Coffey says that Bay View would no longer be able to charge excessive rents for the land. (*Id.*) Coffey asserts that Bay View has no moral authority and should not be aligned with the Christian Church. (*Id.*)

In Count VII, Coffey alleges that Defendants Bay View, Mike Spencer, Jake Porath, Rance Carpenter, and the Plunkett Cooney law firm made unannounced visits and failed to cease communications. Coffey alleges that these Defendants continued to communicate with her about her debts despite her request "verbally that the consumers wish Defendants to cease." (*Id.*)

In Count VIII, Coffey alleges that Mike Spencer and his staff have stalked her and attempted to have her illegally arrested. (*Id.*, PageID.12.) Coffey says that she

6

has paid Bay View at least $10,000.00 in cash since September of 2020, but Bay View says that she is still not current on her debt owed.  (*Id.*)  Coffey says that Bay View took her tax refund and never gave her a penny of the Bay View refund settlement that Bay View obtained from Bear Creek Township.  (*Id.*)  Coffey asserts that in October of 2020, she paid a $500.00 landscape fee to Jake Porath that was supposed to be refundable, but she has not seen a refund.  (*Id.*)

In County IX, Coffey asserts a cruel and unusual punishment claim against the Plunkett Cooney law firm and Bay View because they "obtained their highly deceptive 'Default Judgment' and 'Default Order' by using the USA mail to deceptively 'notify' Plaintiff" of something.  (*Id.*, PageID.13.)  Coffey does not disclose what she received.  Coffey alleges that on Friday, August 30, 2021, Mike Spencer screamed while on her property that "there's not a judge in Emmet County who will uphold your USA Constitutional Rights!"  (*Id.*)   Coffey alleges that Defendants Mike Spencer, Jake Porath, Barbara Pfiel, and Rance Carpenter stopped the work on her Bay View home improvement projects to repair the roof, electric, paint, and landscape to force Coffey to auction her home with little improvements.  (*Id.*)  Defendant Bay View further defamed her by telling her friends that her home was owned by Chase Bank, although there is no mortgage on the property.  (*Id.*)  Coffey says that work stoppages while she was attempting to replace roofs have occurred at both of her homes in two different municipal locations.  (*Id.*)

Coffey states that Mike Spencer must testify in a case involving a kidnaping event in Kent County, Michigan, for libeling her son, to explain why he allowed mass

electronic mailing to citizens regarding the death of Walter Coffey, Jr., why he continues his unwelcome stalking, why his wife continues to "stare down derisively Plaintiff during public concert gatherings", why he shows up on Coffey's property despite being told he is unwelcome, and to testify about his conversations with anyone from the city of Freeport or anyone else who resided in Illinois.  (*Id.*, PageID.14-16.)

Coffey alleges that Defendants Bay View and Mike Spencer have illegally attempted to collect debts by using Bay View Real Estate Management, Inc., the Plunkett Cooney law firm, James Murray, and Tony Presly.  Coffey alleges that Mike Spencer ordered Tony Presley to enter Coffey's property and to physically detain and arrest her on her own property.  (*Id.*, PageID.15.)

 Coffey requests that the Court issue a permanent injunction under the FTCA against The Town Crier; Bay View Real Estate Management, Inc.; Bay View Board of Trustees; the Plunkett Cooney law firm; Mike Spencer; Jake Porath; Barbara Pfeil and other Defendants, prohibiting them from auctioning or taking possession of Coffey's home and to cease and desist defamation, and self-dealing against Coffey. (*Id.*, PageID.16.)   In addition, Coffey seeks "the maximum of punitive damages" available from Bay View and the Plunkett Cooney law firm, and any other relief the Court wishes to impose. *(Id.*, PageID.17.)   Coffey seeks $11,000.00 to $16,000.00 for each violation of the FTCA or FDCPA.  (*Id.*)

### III.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## IV.  Defendants

Coffey's complaint fails to name or assert conduct against each Defendant or fails to set forth actionable facts showing that relief may be granted against each Defendant.  Coffey does not set forth any allegations against a Bay View individual

board member, Eric Breisach, Henry Cooney, John Patrick Deegan, Matthew Cross, Michael S. Bogren, or Robert A. Callahan.  In addition, Coffey's assertions against Drost Landscaping, James Murray, and Bay View Real Estate fall far below basic pleading standards necessary to state a claim against these Defendants.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis

10

in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

In the opinion of the undersigned, Coffey fails to allege facts showing that Defendants Bay View individual board members, Eric Breisach, Henry Cooney, John Patrick Deegan, Matthew Cross, Michael S. Bogren, Robert A. Callahan, Drost Landscaping, James Murray, and Bay View Real Estate had any involvement in the alleged wrongdoings under the FTCA or FDCPA.  Coffey's allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## V.  FTCA

Coffey's claims under the FTCA fail as a matter of law because there exists no private right of action under the FTCA.  *Edoho-Eket v.Wayfair.com*, 2019 WL 252466, *2 (6th Cir. Jan. 23, 2019).  "Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA."  *Morales v. Walker Motors Sales*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (collecting cases).  The rationale for disallowing private cause of actions under the Act, is in deference to the Federal Trade Commission which is a highly specialized agency.  *Id.*  Allowing courts to decide cases brought by private individuals under the FTCA would disrupt the administrative process created by Congress.  *Id.*   In the opinion of the undersigned, Coffey's claims under the FTCA should be dismissed, because there exists no private right of action to bring claims under the FTCA.

## VI.  Eighth Amendment

Coffey asserts a cruel and unusual punishment claim under the Eighth Amendment against the Plunkett Cooney law firm and Bay View.  Coffey has not stated a claim upon which relief may be granted.  Coffey asserts that a private law firm, the Plunkett Cooney law firm, and a municipality, Bay View, sent her a "Default Judgment" and a "Default Order."[5]   As part of this claim, Coffey asserts that Mike Spencer screamed while on her property and confiscated roofing shingles, ladders, and supplies.  Crediting Coffey's allegations, they do not rise to the level of Eighth Amendment cruel and unusual punishment claims, even assuming she adequately pled such a claim in her complaint.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes by prohibiting cruel and unusual punishment.  Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). Allegations regarding the receipt of unpleasant or threatening mail and even being screamed at, do not rise to the level of a violation of the Eighth Amendment. Moreover, Plunkett Cooney is a private law firm and not a state actor.  Moreover, although Coffey alleges that Bay View is a municipality, Coffey has not alleged conduct against Bay View that could rise to the level of an Eighth Amendment

---

[5]    Coffey does not explain where the default judgment and default order came from or whether there are ongoing or resolved state court actions concerning her relationship as a property owner in the Bay View community.  There likely exists a contractual relationship between Coffey and Bay View and possibly covenants concerning her property that might be relevant to this action.

violation.

Assuming that Bay View is a municipality, and that Coffey did allege conduct that could rise to the level of an Eighth Amendment violation, Coffey's allegations are still deficient.[6]  The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Similarly, "[a] § 1983 claim against a municipal employee or agent for acts undertaken in an official capacity is tantamount to a claim against the municipality that the employee or agent represents." *Clemons v. Mount Clemons Community School District*, 305 F. Supp. 3d 759, 768 (E.D. Mich. 2018), *citing Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Coffey has failed to allege that a custom, policy, or practice attributable to the municipality violated her rights.  *Monell v. N.Y. Dept. of Soc. Services*, 436 U.S. 658, 694 (1978).  *Monell* applies to municipalities such as counties and employees acting under official policies.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 475 (1986).

**VII.  FDCPA**

The remaining Defendants include Bay View, *The Bay View Town Crier*, Carol Neithercut, the Plunkett Cooney law firm, Barbara Pfiel, Mike Spencer, Jake Porath, Tony Presly, and Rance Carpenter.  Coffey alleges that these Defendants violated the FDCPA.  The FDCPA places restrictions on what a debt collector may

---

[6]  Coffey cannot argue that her Constitutional rights were violated and assert a claim directly against any Defendant.  Coffey must bring her Eighth Amendment claims under a federal statute that allows the claim to proceed, such as 42 U.S.C. § 1983.

do to collect debts owed.

> For example, debt collectors may not use or threaten violence, or make repetitive annoying phone calls. [15 U.S.C.] § 1692d. Nor can debt collectors make false, deceptive, or misleading representations in connection with a debt, like misstating a debt's 'character, amount, or legal status.' [15 U.S.C.] § 1692e. And, as we have mentioned, if a consumer disputes the amount of a debt, a debt collector must 'cease collection' until it 'obtains verification of the debt' and mails a copy to the debtor. [15 U.S.C.] § 1692g(b)."

*Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019) (law firm that carries out nonjudicial foreclosure under state real estate laws did not qualify as a debt collector under the Act).

Coffey alleges that Defendants entered her property to collect debts owed, posted her debt in the Town Crier, on bulletin boards in public spaces, and on her front door, made unwelcome visits to her home and place of employment, made improper communications to third parties about her debt, and that Mike Spencer stalked her and harassed her on several occasions, and on one occasion Spencer harassed her on the "Croquet Course" in front of others.[7]

> To prevail on a claim under the FDCPA, a plaintiff must show that (1) she is a 'natural person obligated or allegedly obligated to pay any **debt**,' 5 U.S.C. § 1692a(3); (2) the '**debt**' arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) the defendant is a '**debt** collector,' within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated a provision of the FDCPA.

*Truhn v. Equityexperts.org, LLC*, 418 F. Supp. 3d 186, 190 (E.D. Mich. 2019).

15 U.S.C. § 1692a(6) defines debt collector as:

---

[7]    Coffey also alleges that her property – shingles, ladders, and supplies – were confiscated or unlawfully converted by Mike Spencer and that she was falsely imprisoned on her own property by Defendant Tony Presly.

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

In the opinion of the undersigned, Coffey has failed to set forth in her complaint specific facts that could allow the Court to conclude that any of the remaining Defendants are debt collectors as defined under the Act.  It appears that most of the allegations asserted in the complaint allege conduct taken by Bay View, Mike Spencer, and the Plunkett Cooney law firm.  It appears that Coffey owes some debt to Bay View because her residence is in the community.  It is unclear how that debt occurred, whether there exists a contractual relationship between Bay View and Coffey, or whether the debt might arise from a homeowners' association agreement or arise from restrictive covenants that might be set forth by deed.[8]  Coffey does not explain the source of the alleged debt in her complaint.  It is also unclear if there is any ongoing or resolved state court litigation involving this debt.  The complaint at least suggests that other litigation has taken place concerning this debt.  (*See* ECF No. 1, PageID.13 (discussing receipt of default judgment and default order).)

First, Coffey fails to identify Mike Spencer's relationship with Bay View or that he acted on Bay View's behalf.  Coffey makes only general allegations that Spencer harassed her and stalked her on her property and at the "Croquet Course."  Second, it appears that the Plunkett Cooney law firm may have been involved in a lawsuit involving Coffey.  But the exact nature of Plunkett Cooney's relationship with the

---

[8]     Collection of homeowners association fees arising under contract did not violate FDCPA because covenants expressly authorized fees and debt owed to collect those fees.  *Sparks v. EquityExperts.org, LLC*, 936 F.3d 348, 352-354 (6th Cir. 2019).  The Rooker-Feldman doctrine bars federal court action under FDCPA where homeowners' association dues were litigated and decided by a state court judgment.  *Pletos v. Makower Abatte Guerra Wegner Vollmenr, PLLC*, 731 Fed.Appx. 431, 434-435 (6th Cir. 2018).

events of this complaint are unclear based upon Coffey's allegations.  Coffey has not explained how Plunkett Cooney qualifies as a debt collector as defined by the Act.  Moreover, the Act excludes persons serving legal process involving judicial enforcement of a debt.   15 U.S.C. § 1692a(6) (D).  Third, Coffey asserts that Bay View is a municipality, and that the debt is allegedly owed to Bay View.  Coffey has not set forth how Bay View can be defined as a debt collector under the Act, because it expressly excludes officers and employees of a creditor, and persons "affiliated by corporate control" *Id.* at (A) and (B).   Finally, Coffey fails to set forth facts showing that Defendants *The Bay View Town Crier*, Carol Neithercut, Barbara Pfiel, Jake Porath, Tony Presly, and Rance Carpenter qualify as debt collectors under the Act.

It is respectfully recommended that the Court dismiss Coffey's federal law claims.

## VIII.  State law claims

Coffey's complaint appears to assert numerous state law claims.   Coffey appears to assert claims that could fall under theories of breach of contract, intentional interference with a contractual relationship, conversion of property, trespass, defamation of character, and false imprisonment, as well as possibly other state law claims.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182

(6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id.* Dismissal, however, remains "purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). It is respectfully recommended that the Court decline to exercise supplemental jurisdiction over the state law claims.

## IX. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted.  If the Court accepts this recommendation, the case will be dismissed.


Dated:   April 5, 2022                               /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U. S. MAGISTRATE JUDGE


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).